UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROY ALBERT LEWIS,   )<br>   )<br>   Plaintiff,   )<br>   )<br>v.   )<br>   )<br>UNITED STATES OF AMERICA,   )<br>   )<br>   Defendant.   ) | Civil Action No. 12-1548 (RJL) |

MEMORANDUM OPINION
(June 3, 2013)

This action is before the Court on its initial review of petitioner-Roy Albert Lewis's petition for a writ of *habeas corpus*. The 89-page, 149-paragraph *pro se* petition arises out of a criminal tax matter brought before the United States District for the Northern District of California: *United States v. Lewis*, 3:05-cr-00638-SI (indictment dated Oct. 6, 2005). *See* Compl. ¶¶ 9, 16 [Dkt. #1]. The main thrust of petitioner's argument seems to be that the statutes under which he was convicted—18 U.S.C. § 371 (conspiracy to defraud the United States) and 26 U.S.C. § 7201 (tax evasion)—are invalid because Congress never actually passed them into law and because they are not authorized under the common law. *See id.* ¶¶ 5–6. Petitioner also claims that he was never properly indicted, the trial court lacked jurisdiction, and there was insufficient evidence to convict. *Id.* ¶¶ 2, 4.

The Court construes this wide rambling petition as a challenge to the legality of petitioner's criminal sentence. *See, e.g., id.* ¶ 16 ("The public record does show that I, Roy Albert Lewis, the petitioner, am unlawfully detained in constructive custody under

1

supervised release in Contra Costa County, California."). As such, petitioner's claim is one to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *See Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (challenge to validity of detention and constitutionality of statute of conviction must be pursued under § 2255). When considering such a writ, the Court must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto*." 28 U.S.C. § 2243 (emphasis added).

Unfortunately for the petitioner, he is not entitled to relief from this court. Under § 2255, a petitioner "may move *the court which imposed the sentence* to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a) (emphasis added); *see also Taylor*, 194 F.2d at 883; *Ojo v. Immigration & Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997) (§ 2255 petition based on errors before or during sentencing must be brought in sentencing court). Thus, if petitioner has any hope of obtaining this relief, it is in the Northern District of California, which has already denied one such motion. *See* Order Denying Def.'s Mot. Under 28 U.S.C. § 2255, *United States v. Lewis*, 3:05-cr-00638-SI (N.D. Cal. Aug. 30, 2010) [Dkt. #430].

Accordingly, the Court, acting *sua sponte*, will dismiss this case for lack of jurisdiction. An Order accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge